O'MELVENY & MYERS LLP
Gerald C. Bender
Daniel S. Shamah
Jason A. Zimmerman
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Counsel for Joint Provisional Liquidators

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | **Chapter 15** |
| | : | |
| THE GRANDE HOLDINGS LIMITED | : | **Case No. 11-13119** |
| (PROVISIONAL LIQUIDATORS APPOINTED) | : | |
| | : | |
| Debtor in a Foreign Proceeding | : | |

------------------------------------------------------------------ x

### VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF THE BANKRUPTCY CODE AND RELIEF IN AID THEREOF

Fok Hei Yu and Roderick John Sutton, provisional liquidators (the "PLs" or the "Petitioners") of The Grande Holdings Limited ("Grande" or the "Debtor"), by its undersigned counsel O'Melveny & Myers LLP, respectfully file the Official Form Petition and this Verified Petition (together, the "Petition") pursuant to Section 1515 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order recognizing the liquidation (the "Foreign Proceeding") of Grande in the High Court of Hong Kong (the "Hong Kong Court") as a foreign main proceeding pursuant to Section 1517 of the Bankruptcy Code, and thereby granting related relief pursuant to Section 1520 of the Bankruptcy Code and granting additional relief pursuant to Section 1521(a) of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

Petitioners have commenced this case pursuant to Sections 1504, 1509, 1515, and 1517 of the Bankruptcy Code by filing the Petition seeking recognition of a foreign main proceeding that is currently pending in the Hong Kong Court, and seeking relief as of right under Section 1520 of the Bankruptcy Code and further relief available under Section 1521 of the Code. As demonstrated by this Verified Petition, the Petition of Sino Bright Enterprises for the commencement of foreign bankruptcy proceeding, attached as Exhibit A, the Order Appointing Provisional Liquidators, attached as Exhibit B, the Declarations of Fok Hei Yu and Roderick John Sutton, attached as Exhibit C and D, respectively, and the Debtor's Corporate Ownership Statement, attached as Exhibit E, Petitioners are individual persons who are the duly authorized foreign representatives of Grande, and as such are entitled to directly petition this Court for recognition of the Foreign Proceeding under Section 1509 of the Bankruptcy Code. The Foreign Proceeding is a "foreign main proceeding" as defined by Section 1502(4) of the Bankruptcy Code, because the Foreign Proceeding is pending in Hong Kong, which is the "center of main interests" for Grande Holdings as defined by Sections 1502(4), 1516(c), 1517(b)(1) of the Bankruptcy Code.

Because: (i) the Foreign Proceeding is a foreign main proceeding under Section 1502(4) of the Bankruptcy Code; (ii) the Petitioners are persons authorized in the Foreign Proceeding to administer the liquidation of the Foreign Debtor's assets in the High Court of Hong Kong; (iii) recognition of the Foreign Proceeding would not be contrary to public policy under Section 1506 of the Bankruptcy Code; and (iv) Petitioners have complied with all requirements of Section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4), Petitioners are entitled to entry of an order recognizing the Foreign Proceeding as a foreign main proceeding under Section

1517(b)(1) of the Bankruptcy Code, and are entitled to appropriate relief as set forth in Sections 1520 and 1521 of the Bankruptcy Code.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in the Southern District of New York pursuant to 28 U.S.C. § 1410(3) as this choice of venue is consistent with the interests of justice and convenience of the parties. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## FACTUAL BACKGROUND

### A. The Grande Holdings Limited

2. Grande was originally incorporated in the Cayman Islands on September 5, 1990, but was discontinued and resumed under the laws of Bermuda. Grande has been registered in Hong Kong under Part XI of the Companies Ordinance, Chapter 32 of the Laws of Hong Kong, and has its principal place of business at 12th Floor, The Grande Building, 398-402 Kwun Tong Road, Kowloon, Hong Kong. Grande is an investment holding company, holding shares and equity interests in various groups of companies. The principal activities of Grande's subsidiaries consist of distribution of household appliances and consumer electronic products and licensing of trademarks.

### B. Administration of Grande

3. The PLs believe, based upon Grande's available records as of the date of appointment of the provisional liquidators, that: (a) the four executive directors of Grande are Christopher W. Ho, Adrian C. C. Ma, Christine L. S. Asprey, and Duncan T.K. Hon and (b) the three

independent non-executive directors are Henry C. S. Chong, Herbert H. K. Tsoi, and Martin I. Wright. Henry C.S. Chong and Herbert H.K. Tsoi tendered their respective resignations with effect from June 10, 2011.

## C. Hong Kong Liquidation Proceeding

4. On May 27, 2011, Sino Bright Enterprises Co., Ltd. ("Sino") sent a demand letter to Grande in regards to an outstanding loan balance. The demand letter put Grande on notice that it was required to pay the entire balance of the loan within 21 days, which amounted to $238,978,462.00 (converted from HK$ 1,859,754,567 on May 31, 2011). On the same day, Grande responded in affirmation of the demand, stating that it agreed that the entire balance was due, but due to their current liquidity, that they would be unable to pay the obligation. Sino then presented a petition to the Hong Kong Court requested the immediate wind-up of Grande and a request to appoint provisional liquidators. On May 31, 2011, the Hong Kong Court appointed Fok Hei Yu and Roderick John Sutton as provisional liquidators of Grande.

## D. Grande's Assets and Liabilities

5. Grande's principal activity is as an investment holding company. The principal activities of its subsidiaries consist of distributing household appliances and consumer electronics products and licensing of trademarks. Grande and its subsidiary companies (collectively "Subsidiaries") own three global brands - Nakamichi, Akai and Sansui - which are recognized for their wide range of audio-visual equipment, consumer electronics and digital products. The products are distributed through its global network spanning Asia, Africa, Europe, Oceania, the Middle East and the Americas. Grande also indirectly owns 56% of the equity shares of Emerson Radio Corp., a national brand of consumer electronics and electrical appliances in the U.S.

6. Grande was also named as a defendant in an alter-ego lawsuit brought by shareholders of MTC Electronics to enforce the judgment obtained in a previously decided shareholder suit against MTC, which at the time was owned by Grande. This case, which was brought in the Superior Court for the State of California, the County of Los Angeles, Case No: BC 363764, resulted in a statement of decision holding that Grande was liable under an alter ego theory in the amount of $37,562,122.09.

### E. Chapter 15 Petition

7. In light of the foregoing, Petitioners seek recognition of Grande's liquidation as a foreign main proceeding (or, in the alternative, a foreign non-main proceeding) in order to seek the United States Bankruptcy Court's assistance in identifying, protecting, realizing, and properly administering the assets of Grande Holding for the benefit of its stakeholders.

## RELIEF REQUESTED

8. In furtherance of their duties as the Provisional Liquidators of Grande, Petitioners seek an Order of this Court pursuant to Sections 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the proposed order attached hereto as Exhibit F (the "Proposed Order"), granting the following relief:

   a) Recognition of the Foreign Proceeding as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code;

   b) Granting relief as of right upon recognition of a foreign main proceeding pursuant to Section 1520 of the Bankruptcy Code;

   c) Granting further additional relief as authorized by Section 1521 of the Bankruptcy Code, including, without limitation:

a. staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of Grande, including any action or proceeding against the Petitioners in their provisional capacity as Provisional Liquidators of Grande, to the extent not stayed under Section 1520(a) of the Bankruptcy Code (except as provided in Sections 555 through 557, 559 through 562, 1520 and 1521 of the Bankruptcy Code);

b. staying execution against the assets of Grande to the extent not stayed under Section 1520(a) of the Bankruptcy Code;

c. suspending the right to transfer or otherwise dispose of any assets of Grande to the extent this right has not been suspended under Section 1520(a) of the Bankruptcy Code;

d. providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Grande; and

e. entrusting the administration or realization of all or part of the assets of Grande within the territorial jurisdiction of the United States to the Petitioners;

d) Otherwise granting comity to and giving full force and effect to the Foreign Proceeding; and

e) awarding Petitioners such other and further relief as this Court may deem just and proper.

## HEARING DATE AND NOTICE

9. Petitioners have complied with Hong Kong law regarding the notification of the Foreign Proceeding. Petitioners have also instituted a similar recognition proceeding under Bermuda law, and there are no additional requirements under Bermuda law regarding notice of these proceedings.

10. Petitioners request that the Court set the date for a hearing pursuant to section 1517(c) of the Bankruptcy Code. Petitioners propose that once a hearing date (the "Hearing Date") has been set by the Court, notice will be given as is reasonable and appropriate under the circumstances of the Foreign Proceeding and in this District. Simultaneously with filing this Verified Petition, Petitioners have filed a Motion for an Order Specifying Form and Manner of Service of Notice of Filing of Petition (the "Notice Application"). The Notice Application sets forth the manner and form Petitioners propose to employ to notify all known interested parties in accordance with each such party's last known contact information to the Office of the United States Trustee and the SEC..

11. Notice will be sent so as to provide these parties with at least 21 days notice of the Hearing Date, pursuant to Rule 2002(q) of the Bankruptcy Rules.

12. Petitioners believe that such notice and service is reasonable and proper under the circumstances, and that no other or further notice is necessary or appropriate.

## CONCLUSION

WHEREFORE, Petitioners respectfully request that this Court enter an Order, substantially in the form of the Proposed Order attached hereto as Exhibit F, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
       June 28, 2011

**O'MELVENY & MYERS LLP**

By: /s/ Gerald C. Bender
Gerald C. Bender
Daniel S. Shamah
Jason A. Zimmerman
7 Times Square
New York, New York 10036
212-326-2000 (Telephone)
212-326-2061 (Facsimile)

Counsel for the Joint Provisional Liquidators