O'MELVENY & MYERS LLP
Gerald C. Bender
Daniel S. Shamah
Jason A. Zimmerman
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Counsel for Joint Provisional Liquidators

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | **Chapter 15** |
| | : | |
| THE GRANDE HOLDINGS LIMITED | : | **Case No. 11-13119** |
| (PROVISIONAL LIQUIDATORS APPOINTED) | : | |
| | : | |
| Debtor in a Foreign Proceeding | : | |

---------------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND FOR RELATED RELIEF

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................................. 1

II. FACTS ........................................................................................................................................ 3

III. JURISDICTION AND VENUE .................................................................................................. 3

IV. ARGUMENT .............................................................................................................................. 3

    A. This Case Is Appropriately Brought Under Chapter 15 .................................................. 3

        1. This Case Was Commenced in Accordance with Section 1515(a) of the Bankruptcy Code ............................................................................ 3

            a) The Petitioners are Foreign Representatives of Grande ................ 3

            b) The Hong Kong Proceeding is a Foreign Proceeding..................... 4

        2. This Case Satisfies the Requirements of Section 1515(b) of the Bankruptcy Code ............................................................................................ 4

        3. This Case Is In Compliance With Section 1515(c) of the Bankruptcy Code ............................................................................................ 5

    B. This Foreign Proceeding is Entitled to Recognition as a Foreign Main Proceeding...................................................................................................................... 5

    C. Grande is Entitled to Relief Under Sections 1521 and 1507 of the Bankruptcy Code .............................................................................................................................. 6

        1. The Petitioners Satisfies the Requirements for an Injunction in Accordance With Section 1521(e) .............................................................. 7

        2. Relief is Appropriate Under Section 1507 as Claim Holders in the U.S. Will be Protected Against Prejudice and Inconvenience in the Processing of Claims in the Hong Kong Proceeding................................. 8

        3. The Relief Requested in the Petition Will Prevent Preferential or Fraudulent Dispositions of Grande Holdings' Property Being Administered Under the Foreign Proceeding ............................................ 9

        4. Recognition of the Hong Kong Proceeding and the Related Relief Sought in the Petition Will Ensure Distribution of Proceeds of Grande's Property Being Administered Under the Foreign Proceeding Substantially in Accordance With the Order Prescribed by the Bankruptcy Code........................................................................... 9

V. CONCLUSION......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

**Cases**

Canada S. Railway Co. v. Gebhard,
   109 U.S. 527 (1883) .................................................................................................... 8, 9
Civic Ass'n of Deaf of New York City, Inc. v. Giuliani,
   915 F. Supp. 622 (S.D.N.Y. 1996) .................................................................................... 8
Cunard S.S. Co. Ltd. v. Salen Reefer Servs., AB.,
   773 F.2d 452 (2d Cir. 1985) .............................................................................................. 8
In re Bear Stearns,
   389 B.R. 325 (S.D.N.Y. 2008) ..................................................................................... 5, 6
In re MMG, LLC,
   256 B.R. 544 (Bankr. S.D.N.Y. 2000) .............................................................................. 8
In re Rubin,
   160 B.R. 269 (Bankr. S.D.N.Y. 1993) .............................................................................. 9
In re SPhinX, Ltd.,
   351 B.R. 103 (Bankr. S.D.N.Y. 2006) .............................................................................. 6
In re Tradex,
   384 B.R 34 (Bankr. D. Mass. 2008) ................................................................................. 6
In re Tri-Continental Exchange Ltd.,
   349 B.R. 627 (Bankr. E.D. Cal. 2006) .............................................................................. 5
In re William Hung Yu Yang,
   Case No. 06-13022 (ALG) (S.D.N.Y. May 17, 2007) .................................................... 10
NextG Networks of New York, Inc. v. City of New York,
   No. 03 CIV 9672 RMB/JCF, 2006 WL 538189 (S.D.N.Y. Mar. 6, 2006) ....................... 7
Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.,
   825 F.2d 709 (2d Cir. 1987) .............................................................................................. 8

**Statutes**

11 U.S.C. § 101(23) ................................................................................................................... 3
11 U.S.C. § 101(24). .................................................................................................................. 3
11 U.S.C. §522 ........................................................................................................................... 6
11 U.S.C. §544 ........................................................................................................................... 6
11 U.S.C. §545 ........................................................................................................................... 6
11 U.S.C. §547 ........................................................................................................................... 6
11 U.S.C. §548 ........................................................................................................................... 6
11 U.S.C. §550 ........................................................................................................................... 6
11 U.S.C. §1502(4) ................................................................................................................ 1, 2
11 U.S.C. § 1504 .................................................................................................................... 1, 2
11 U.S.C. §1506 ......................................................................................................................... 2
11 U.S.C. §1507 .................................................................................................................... 5, 8
11 U.S.C. §1509 .................................................................................................................... 1, 2
11 U.S.C. §1515 ................................................................................................................. 1, 2, 4
11 U.S.C. § 1515(a) ............................................................................................................... 2, 3
11 U.S.C. § 1515(b) ............................................................................................................... 3, 4

11 U.S.C. § 1515(c) ............................................................................................................. 3, 4  
11 U.S.C. §1516(c) ................................................................................................................. 1  
11 U.S.C. §1517 .................................................................................................................. 1, 4  
11 U.S.C. §1517(a) ................................................................................................................. 5  
11 U.S.C. § 1517(b) ................................................................................................................ 5  
11 U.S.C. §1517(b)(1) ..................................................................................................... 1, 2, 5  
11 U.S.C. §1520 .................................................................................................................. 1, 2  
11 U.S.C. §1521 ............................................................................................................. 1, 2, 5  
11 U.S.C. §1521(a) ................................................................................................................. 5  
11 U.S.C. §1521(a)(1) ............................................................................................................. 6  
11 U.S.C. § 1521(a)(2) ............................................................................................................ 6  
11 U.S.C. § 1521(a)(3) ............................................................................................................ 6  
11 U.S.C. § 1521(a)(7) ............................................................................................................ 6  
11 U.S.C. §1521(e) .............................................................................................................. 6, 7  
11 U.S.C. §724(e) ................................................................................................................... 6  
28 U.S.C. § 157 ...................................................................................................................... 2  
28 U.S.C. § 157(b)(2)(P) ......................................................................................................... 2  
28 U.S.C. §1334 ..................................................................................................................... 2  

**Other Authorities**

H.R. Rep. 109-31, pt. 1 (2005) ............................................................................................... 6  

**Rules**

Bankruptcy Rule 1007(a)(4) ................................................................................................... 2

## I. PRELIMINARY STATEMENT

On June 28, 2011, Fok Hei Yu and Roderick John Sutton, provisional liquidators (the "PLs" and the "Petitioners") of The Grande Holdings Limited ("Grande"), by their undersigned counsel O'Melveny & Myers LLP, filed the Official Form Petition and the Verified Petition (together, the "Petition") pursuant to Section 1515 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order recognizing the provisional liquidation (the "Foreign Proceeding") of Grande in the High Court of Hong Kong (the "Hong Kong Court") as a foreign main proceeding pursuant to Section 1517 of the Bankruptcy Code, and thereby requesting related relief pursuant to Section 1520 of the Bankruptcy Code and additional relief pursuant to Section 1521(a) of the Bankruptcy Code.

Petitioners have commenced this case pursuant to 11 U.S.C. §§ 1504, 1509, 1515, and 1517 by filing the Petition seeking recognition of a foreign liquidation proceeding that is currently pending in the Hong Kong Court, and seeking relief as of right under § 1520 and further relief available under Section 1521 of the Bankruptcy Code. As demonstrated by the Petition, the Declaration of Fok Hei Yu, and the Declaration of Roderick John Sutton (together, the "Declarations"), each of which is attached to the Verified Petition as Exhibit C and D, respectively, Petitioners are individual persons who are the duly authorized foreign representatives of Grande, and as such are entitled to directly petition this Court for recognition of the Foreign Proceeding under Section 1509. The Foreign Proceeding is a "foreign main proceeding" as defined by Section 1502(4) of the Bankruptcy Code, because the Foreign Proceeding is pending in Hong Kong, which is the "center of main interests" for Grande Holdings as defined by Sections 1502(4), 1516(c), 1517(b)(1) of the Bankruptcy Code.

1

Because: (i) recognition of the Foreign Proceeding would not be contrary to public policy under Section 1506 of the Bankruptcy Code; (ii) the Foreign Proceeding is a foreign main proceeding under Section 1502(4) of the Bankruptcy Code; (iii) the Petitioners are persons authorized in the Foreign Proceeding to administer the liquidation of the foreign debtor's assets in the High Court of Hong Kong; and (iv) Petitioners have complied with all requirements of Section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4), Petitioners are entitled to entry of an order recognizing the Foreign Proceeding as a foreign main proceeding under Section 1517(b)(1) of the Bankruptcy Code, and are entitled to appropriate relief as set forth in Sections 1520 and 1521 of the Bankruptcy Code.

## II. FACTS

This Court is respectfully referred to the Verified Petition and Declarations, which outline the relevant facts and is incorporated by reference herein.

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in the Southern District of New York pursuant to 28 U.S.C. § 1410(3) as this choice of venue is consistent with the interests of justice and is convenient to the parties. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## IV. ARGUMENT

### A. This Case Is Appropriately Brought Under Chapter 15

This Chapter 15 case was duly and properly commenced as required by Sections 1504 and 1509 of the Bankruptcy Code by the filing of a petition for recognition of a foreign proceeding under Section 1515(a) of the Bankruptcy Code, accompanied by all documents and

information required by Sections 1515(b) and (c).  Each of those requirements has been satisfied by the Verified Petition and further addressed below.

1. This Case Was Commenced in Accordance with Section 1515(a) of the Bankruptcy Code

Under Section 1515(a), the Petitioners must qualify as a "foreign representative" and with reference to the Petition, the Hong Kong proceeding must qualify as a "foreign proceeding."

   a) *The Petitioners are Foreign Representatives of Grande*

   Section 101(24) defines a "foreign representative" as:

   a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24). The Petitioners are persons appointed by the Hong Kong Court as provisional liquidators of Grande.  The Hong Kong Court's order affirming Fok Hei Yu and Roderick John Sutton as Provisional Liquidators is attached as Exhibit B to the Verified Petition.

   b) *The Hong Kong Proceeding is a Foreign Proceeding*

   Section 101(23) defines a "foreign proceeding" as

   a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  Under Chapter 32 of the Hong Kong Companies Ordinance, the Hong Kong Court is provided the authority to oversee the winding up of a corporation's assets.  On May 30, 2011, Sino Bright Enterprises petitioned the Hong Kong Court to initiate the appropriate proceedings against Grande in order to wind up the corporation's assets, and the Hong Kong

Court promptly agreed. It is clear that the foreign proceeding currently pending in Hong Kong meets Section 101(23) of the Bankruptcy Code's definition of a foreign proceeding.

2. This Case Satisfies the Requirements of Section 1515(b) of the Bankruptcy Code

To establish a basis for recognition under Chapter 15, the petition must be supported by documentation on which this Court may ground recognition. Section 1515(b) provides:

> A petition for recognition shall be accompanied by -
> (1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
> (2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
> (3) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

11 U.S.C. § 1515. Petitioners have filed a Verified Petition with this Court, accompanied by the Hong Kong Court's recognition of such proceeding and appointing Fok Hei Yu and Roderick John Sutton as provisional liquidators. Because the Verified Petition was accompanied by a copy of the Hong Kong Court order which appointed Fok Hei Yu and Roderick John Sutton as foreign representatives, subsection (1) of § 1515(b) has been satisfied.

3. This Case Is In Compliance With Section 1515(c) of the Bankruptcy Code

Section 1515(c) provides that a "petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." 11 U.S.C. §1515(c). This statement is contained within the Petition, and it provides that the Hong Kong Proceeding is the only foreign proceeding with respect to Grande that is known to the Petitioners.

B.  This Foreign Proceeding is Entitled to Recognition as a Foreign Main Proceeding

The Hong Kong Proceeding is a "main" proceeding.  Section 1517 of the Bankruptcy Code states that an order recognizing a foreign proceeding "shall be entered" if all of the requirements have been met. See 11 U.S.C. § 1517.  Section 1517(b)(1) defines a "foreign main proceeding" as a "foreign proceeding" pending in the country where the debtor has the center of its main interests ("COMI"). 11 U.S.C. § 1517(b)(1). Courts have equated "COMI" to the United States concept of principal place of business. See In re Bear Stearns, 389 B.R. 325, 336 (S.D.N.Y. 2008)  (noting that "[a]n early bankruptcy court decision that addressed the determination of COMI specifically discusses the regulation adopting the EU Convention on Insolvency Proceedings language and properly equates it to the United States' concept of 'principal place of business'" (citing In re Tri-Continental Exchange Ltd., 349 B.R. 627, 629 (Bankr. E.D. Cal. 2006))). The Bear Stearns Court identified "the location of the debtor's headquarters; the location of those who actually manage the debtor; the location of the debtors primary assets; [and] the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case," among other factors that can be considered to determine a debtor's center of main interests. Id. (quoting In re SPhinX, Ltd., 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006)); See also In re Bear Stearns, 374 B.R. 122, 129 (S.D.N.Y. 2007); In re Tradex, 384 B.R. 34, 42 (Bankr. D. Mass. 2008). While Grande is incorporated in Bermuda, its corporate headquarters, officers and documents are located in Hong Kong.

Because all of the requirements for recognition as a foreign main proceeding are satisfied, recognition under Section 1517(a) and (b) is mandatory. [See H.R. Rep. 109-31, pt. 1 (2005) ("The decision to grant recognition is not dependent upon any findings about the nature of the

foreign proceeding…[t]he requirements of this section…are all that must be fulfilled to attain recognition.").

C. Grande is Entitled to Relief Under Sections 1521 and 1507 of the Bankruptcy Code

Upon recognition of a foreign proceeding, Section 1521(a) authorizes the Court to "grant any appropriate relief" at the request of the foreign representative where necessary to effectuate the purpose of Chapter 15 and to protect the assets of the debtor or the interests of the creditors." Under Sections 522, 544, 545, 547, 548, 550 and 724(e), appropriate forms of relief include staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, or obligations or liabilities; staying execution against the debtor's assets; suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor; and granting any additional relief that may be available to a trustee, except for the relief available.

The relief sought by Petitioners is necessary to effectuate the purpose of a Chapter 15 proceeding. Specifically, the Petition request that this Court give effect to Order issued by the Hong Kong Court affirming the commencement of the Foreign Proceeding, and thereby cooperate with and assist the Hong Kong Court in providing a fair and efficient administration of Grande's assets and indirect holdings.
11 U.S.C. § 1521(a)(1), (a)(2), (a)(3), (a)(7).

1. The Petitioners Satisfies the Requirements for an Injunction in Accordance With Section 1521(e)

The standards, procedures and limitations that are generally applicable to an injunction also apply to relief sought under Section 1521(a). See 11 U.S.C. § 1521(e). The relief sought in the Petition is warranted under the standard applicable in the Second Circuit for granting a permanent injunction. That standard is essentially the same as the standard for a preliminary injunction except, rather than demonstrate a likelihood of success on the merits, the movant must

actually succeed on the merits. See NextG Networks of New York, Inc. v. City of New York, No. 03 CIV 9672 RMB/JCF, 2006 WL 538189, at *8 (S.D.N.Y. Mar. 6, 2006). In addition, the movant must make a showing of the likelihood of irreparable harm, *i.e.*, an injury that cannot be redressed through financial compensation. *See id.* Irreparable harm must be likely and imminent, not remote or speculative. See id.; Civic Ass'n of Deaf of New York City, Inc. v. Giuliani, 915 F. Supp. 622, 631 (S.D.N.Y. 1996).

Irreparable harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted. See, e.g., Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713-714 (2d Cir. 1987); Cunard S.S. Co. Ltd. v. Salen Reefer Servs., AB., 773 F.2d 452, 458 (2d Cir. 1985) ("Unless all parties in interest, wherever they reside, can be bound by the arrangement which it is sought to have legalized, the scheme may fail.") (citing Canada S. Railway Co. v. Gebhard, 109 U.S. 527, 539 (1883)); In re MMG, LLC, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) ("As a rule…irreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors.").

Without the relief afforded under Section 1521(e) of the Bankruptcy Code, the fair and orderly administration of Grande's assets to satisfy its obligations would be severely disrupted. The Foreign Proceeding is predicated on the Provisional Liquidators' ability to administrated Grande's assets in accordance to Hong Kong law. Without the injunctive relief allowed under Section 1521(e), U.S. creditors could seek to collect their claims or obtain preferred positions to the detriment of other creditors. However, such relief does not eliminate Grande's obligations to the US creditors, rather, it allows the provisional liquidators time to engage in an orderly, fair and equitable distribution process.

For the reasons set forth above, relief is necessary to ensure that any order of the Hong Kong Court in the context of the Hong Kong Proceeding is protected from unilateral creditor action while at the same time preserving and protecting the due process rights of U.S. creditors.

2.  Relief is Appropriate Under Section 1507 as Claim Holders in the U.S. Will be Protected Against Prejudice and Inconvenience in the Processing of Claims in the Hong Kong Proceeding

Grande's U.S. Creditors will not be prejudiced by the administration of their claims in the Hong Kong Proceeding because.  The Supreme Court has recognized that "every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes." <u>Canada Southern Railway Co. v. Gebhard,</u> 109 U.S. 527, 537-38 (1883).  <u>See</u> <u>In re Rubin</u>, 160 B.R. 269, 282 (Bankr. S.D.N.Y. 1993).  ("It is thus difficult to label as so prejudicial and inconvenient to U.S. creditors as to warrant denial of injunctive relief that which we require of foreign creditors in our own cases."),

3.  The Relief Requested in the Petition Will Prevent Preferential or Fraudulent Dispositions of Grande Holdings' Property

In the absence of the relief sought in the Verified Petition, Grande's creditors may proceed against assets of Grande without regard and in opposition to the interest of the bulk of Grande's creditors, and cause a disruption of the Provisional Liquidators' court-mandated duty of liquidation.  This undesirable result could lead to unequal treatment of foreign and domestic creditors and the non-collective dismemberment of Grande's estate in direct contravention of the fundamental purpose of Chapter 15.  The relief requested in the Verified Petition is both necessary to the protection and enhancement of the collective process and to ensure the equal and consistent treatment of all creditors.

4. Recognition of the Hong Kong Proceeding and the Related Relief Sought in the Petition Will Ensure Distribution of Grande's Property in Accordance with Applicable Law

The purpose behind Chapter 15 is to provide the efficient disposition of a company's domestic assets when a foreign proceeding commences without subjecting domestic creditors to unfair foreign proceedings. This jurisdiction has recognized that the bankruptcy proceedings commenced in Hong Kong are sufficient to warrant Chapter 15 protection. <u>In re William Hung Yu Yang</u>, Case No. 06-13022 (ALG) (S.D.N.Y. May 17, 2007).

*[The remainder of this page is intentionally left blank.]*

## V. CONCLUSION

The Petitioners respectfully submits that the Verified Petition satisfies the requirements for the recognition of the Hong Kong Proceeding and for the injunctive and other relief sought therein. In order to ensure equal and consistent treatment of all Creditors, each must similarly be bound and the assets of Grande similarly protected, irrespective of a diversity of domicile or location. For the following reasons, the Petitioners respectfully requests that this Court grant the relief requested in the Petition.

Dated: New York, New York
       June 28, 2011

**O'MELVENY & MYERS LLP**

By: /s/ Gerald C. Bender
Gerald C. Bender
Daniel S. Shamah
Jason A. Zimmerman
7 Times Square
New York, New York 10036
212-326-2000 (Telephone)
212-326-2061 (Facsimile)

Counsel for the Provisional Liquidators