ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK, P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Tele No. (212) 603-6300
Robert R. Leinwand, Esq.

NAGLER & ASSOCIATES
2300 South Sepulveda Blvd.
Los Angeles, CA 90064-1911
Tele No. (310) 473-1200
Facsimile: (310) 473-7144
**Charles Avrith, Esq.**
**David F. Berry, Esq.**

**Attorneys for Plaintiffs-Creditors Fred Kayne, et al.**

<u>Return Date:</u> July 28, 2011
at 9:45 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

In re:

Chapter 15

**THE GRANDE HOLDINGS LIMITED**     Case No. 11-13119 (REG)
**(PROVISIONAL LIQUIDATORS APPOINTED)**

Debtor in a Foreign Proceeding
-------------------------------------------------------------------------X

**MOTION OF FRED KAYNE, ET AL. TO TRANSFER VENUE OF THE
PROVISIONAL LIQUIDATORS' CHAPTER 15 CASE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. §1412 AND BANKRUPTCY RULE 1014, AND TO REQUEST
THAT THE CORRECT VENUE BE DETERMINED PRIOR TO RULING
\ON THE CHAPTER 15 PETITION FOR RECOGNITION
<u>OF FOREIGN MAIN PROCEEDING</u>**

Fred Kayne, Stephen Kayne, Milton T. Okun, Rosemary Okun, Don Wohl, Glen Tobias,

Ken Berg, Robert A. Bronstein, Bronstein Family Trust, Bruce Burnam, Kathleen A. Cohen,

William Corbett, Cutler Family Trust of 1989, Martin Goldfarb, M.D., Richard Gunther, James

Harpel, Richard L. Milsner, Joel Rumm, D.V.M., Victor Scaravilli, Tri S. Partners, Dreilander Beteilingung Objekt D L F 93/14-Walter Fink-KG, a Limited Partnership Formed under the Laws of Germany, and Zwolfte Dreilander Beteililigung DLF 92/12-Walker Fink-KG, a Limited Partnership formed under the laws of Germany (collectively "Plaintiffs-Creditors"), Judgment Creditors and Parties in Interest, hereby move for entry of an Order transferring the venue of the Provisional Liquidators' Chapter 15 case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §1412 and Bankruptcy Rule 1014(A)(2). <u>Plaintiffs-Creditors also request that this Court defer ruling on the Provisional Liquidators' Petition For Recognition of Foreign Main Proceeding set for hearing on July 25, 2011, until after it has ruled on this motion.</u> In support of the motion, Plaintiffs-Creditors respectfully represent as follows:

1. On June 28, 2011, Fok Hei Yu and Roderick John Sutton, the Hong Kong Provisional Liquidators ("PL") for Debtor The Grande Holdings Limited ("Debtor"), filed a Petition pursuant to Chapter 15 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Petition (Declaration of David F. Berry ("Berry Decl."), Exh. A) indicates that "Debtor is a debtor in a foreign proceeding and has its principal place of business or assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the Interests of the parties will be served in regard to the relief sought in this District."

2. On July 1, 2011 the PL filed an Amended Verified Petition pursuant to Chapter 15, returnable July 25, 2011. (Berry Decl., Exh. B) The PL claimed venue was proper in the Southern District of New York "pursuant to 28 U.S.C. §1410(3) as this choice of venue is consistent with the interests of justice and convenience of the parties." The Debtor is noted to be a Bermuda corporation, with its principal place of business in Hong Kong. The PL requests

538505

recognition as a foreign main proceeding of a liquidation proceeding in Hong Kong initiated on May 31, 2011 by petition of Sino Bright Enterprises Co. Ltd.  (Berry Decl., Exh. C.)

3. On December 20, 2006, Plaintiff-Creditors filed an action against Debtor in the Los Angeles County Superior Court, Case No. BC 363764, *Kayne, et al. v. The Grande Holdings Limited* ("California State Action").  (Berry Decl., ¶7)  The California State Action sought to enforce against Debtor as an alter ego a judgment Plaintiffs had previously obtained against one of Debtor's subsidiaries, based on Debtor having systematically stripped that subsidiary of assets.

4. While the California State Action was pending, Plaintiffs-Creditors became aware that the persons and entities controlling the Debtor were transferring the Debtor's assets to other related entities.  Accordingly, on August 14, 2009, Plaintiffs-Creditors filed a second action against the Debtor and others in Los Angeles County Superior Court, Case no. BC 419802, for alter ego liability against parties other than the debtor, and for RICO liability against all parties. Defendants removed that action to the United States District Court for the Central District of California.  That action, Case No. 2:09-cv-06816 JAK (CWx) ("Federal Action") is currently pending against the Debtor and others.  (Berry Decl., Exh. D.)

5. The California State Action went to trial beginning December 1, 2010. Trial concluded on February 1, 2011. On May 16, 2011, the California State Action trial judge, Hon. Mary Ann Murphy, issued a Proposed Statement of Decision finding Debtor liable to Plaintiffs-Creditors in the amount of $47,414,369.48 as of May 16, 2011, with additional prejudgment interest of $6,579.29 per day until the date of the judgment. (Berry Decl., Exh. E.) Debtor did not file objections to the Proposed Statement of Decision within 15 days, such that it became final. (Berry Decl., ¶7)

6. On June 13, 2011, judgment in the California State Action was entered in favor of Plaintiffs-Creditors and against Debtor in the amount of $47,598,589.60, with post judgment interest to run at 10% annually. (Berry Decl., Exh. F.)

7. The Liquidators' Amended Verified Petition (Berry Decl., Exh. B) mentions the Proposed Statement of Decision in the State Court Action (¶6) and the pending Federal Action (¶7). It does not name any other U.S. creditors of the Debtor.

**VENUE IS IMPROPER IN THIS DISTRICT PURSUANT TO 28 U.S.C. §1410**

8. 28 U.S.C. § 1410 ("Section 1410") provides as follows:

A case under Chapter 15 of title 11 may be commenced in the district court of the United States for the district -

(1) in which the debtor has its principal place of business or principal assets in the United States;

(2) if the debtor does not have a place of business or assets in the United States, in which there is pending against the debtor an action or proceeding in a Federal or State court; or

(3) in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.

538505

9. Petitioners conclusorily allege that venue in this district is proper pursuant to Section 1410(3) "as this choice of venue is consistent with the interest of justice and is convenient to the parties." (Berry Decl., Exh. B, ¶1) Petitioners do not allege any specific facts to support this contention.

10. More importantly, venue under Section 1410 (3) is proper only "in a case other than those specified in paragraph (1) and (2)." This proceeding is in fact a case specified in paragraph (2) of Section 1410, however; under Section 1410 (2), the appropriate district is the Central District of California.

11. The Debtor does not allege that it has a place of business or principal assets in New York or anywhere in the United States. Plaintiffs-Creditors have the Federal Action currently pending against the Debtor, among others, in the United States District Court for the Central District of California.

12. As noted above, on June 13, 2011, Plaintiffs-Creditors obtained a judgment against Debtor in the California State Action in the Los Angeles County Superior Court (which is within the Central District of California) of over $47 million dollars. Plaintiffs-Creditors may seek assistance from the Los Angeles County Superior Court in collecting the judgment. (Berry Decl., ¶10)

13. In the Federal Action, the Debtor's counsel advised Judge Kronstadt of the U.S. District Court for the Central District of California on June 30, 2011 that the Debtor has not yet decided whether to appeal from the judgment in the California State Action; any appeal would be to the California Court of Appeal, Second District, within the geographic confines of the Central District of California. (Berry Decl., ¶9).

538505

14. Conversely, the only apparent connection between this proceeding and the Southern District of New York is that Petitioner's counsel has offices here. That fact is clearly outweighed by the substantial connections between the Petition and the Central District of California. In any case, Petitioner's counsel's firm also has two large offices in Los Angeles with more than 340 lawyers. (Berry Decl., ¶12)

15. Accordingly, under Section 1410(2), the only proper venue for the Petition was the Central District of California.

16. The Debtor's filing in an improper district is indicia of its bad faith and commencement of this case as a litigation tactic.

## **VENUE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. §1412 AND BANKRUPTCY RULE 1014 TO THE CENTRAL DISTRICT OF CALIFORNIA**

17. Pursuant to 28 U.S.C. §1412: "A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

18. Bankruptcy Rule 1014(a)(2) provides that "(i)f a petition is filed in an improper district, the court on timely motion of a party in interest or on its own motion, and after hearing on notice to petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."

19. Here, venue in the Central District of California would be consistent with both the interests of justice and the convenience of the parties.

20. Many of the Plaintiffs-Creditors, including the lead plaintiff, Fred Kayne, reside there. Plaintiffs-Creditors' long-time counsel, Nagler & Associates, has its office there as well. (Berry Decl., ¶11)

21. In actuality, any relief granted by the Bankruptcy Court under Chapter 15 could only affect the judgment and post-judgment proceedings in the California State Action and the Federal Action, both of which are within the Central District of California. Indeed, the California State Action was the impetus for the filing of the proceeding in Hong Kong. (Berry Decl., Exh. C, pp. 4-5)

## THIS COURT SHOULD DETERMINE THIS VENUE MOTION PRIOR TO DETERMINING WHETHER TO RECOGNIZE THE PL'S PROCEEDING IN HONG KONG AS A FOREIGN MAIN PROCEEDING

22. For reasons set forth in great detail in Plaintiffs-Creditors' opposition to the PL's Petition for Recognition, Plaintiffs-Creditors believe that the Hong Kong liquidation proceeding is an attempt to defraud them of the fruits of their judgment against Debtor.

23. In any case, it is only logical where venue is challenged that this Court first determine whether it is the correct Court to hear this matter prior to deciding whether to grant the relief being sought by the PL.

24. Plaintiffs-Creditors therefore request that this Court put over the PL's Request for Recognition of Foreign Main Proceeding, currently set for hearing on July 25, 2011, until after it has ruled on the correct venue for the Chapter 15 proceeding.

**Dated:** July14, 2011　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**ROBINSON BROG LEINWAND**
　　　　　　　　　　　　　　　　　　　　　　**GREENE GENOVESE & GLUCK P.C.**


　　　　　　　　　　　　　　　　　　　　　　By:/S/Robert Leinwand_____
　　　　　　　　　　　　　　　　　　　　　　　　**Robert Leinwand**
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs-Creditors
　　　　　　　　　　　　　　　　　　　　　　**Fred Kayne, et al.**


**Dated:** July 14, 2011　　　　　　　　　　　**NAGLER & ASSOCIATES**


　　　　　　　　　　　　　　　　　　　　　　By:/S/David F. Berry_____
　　　　　　　　　　　　　　　　　　　　　　　　**David F. Berry**
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs-Creditors
　　　　　　　　　　　　　　　　　　　　　　Fred Kayne, et al.